**GUZZARDO & ASSOCIATES LLC**
**Joseph P. Guzzardo, Esq.**
**PA ID 95089**
**121 S. Broad Street**
**Suite 1600**
**Philadelphia, PA 19107**
**jguzzardo@guzzardolaw.com**
**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY MCKINNEY** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No.** |
| v. | : | |
| | : | |
| | : | |
| **OFFICER RAY SUTTON;** | : | |
| **OFFICER TARIK STROMAN;** | : | |
| In their individual and official capacity | : | |
| | : | |
| And | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## I. INTRODUCTION

1. This action for declaratory, injunctive and other appropriate relief is brought by Plaintiff Anthony McKinney to redress the intentional violations by and other of the rights secured to him by the laws of the United States of America because of Defendant Police Officer's illegal search and subsequent unlawful arrest of Mr. McKinney on October 20, 2023. Mr. McKinney was then falsely imprisoned for 37 days. He was released when all charges were dismissed due to Defendant's illegal search and lack of probable cause.

## II. JURISDICTION

2. Jurisdiction is conferred upon this court by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction for Plaintiff's claims.

3. Jurisdiction over the state law claims is based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exceeds one hundred thousand dollars ($100,000).

### III. VENUE

5. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

### IV. PARTIES

6. Plaintiff is an individual residing at 500 West Ave, Apt A1, Jenkintown, PA 19046.

7. Defendants, Officer Ray Sutton and Office Tarik Stroman are police officer with the Philadelphia Police Department (PPD) having administrative offices located at 1515 Arch Street, 14th Floor Philadelphia, PA 19102

8. The City of Philadelphia is municipality having administrative offices located at 1515 Arch Street, 14th Floor Philadelphia, PA 19102

### V. FACTS

**A.   The Traffic Stop**

9. All relevant events were captured on video in Defendant's control and possession.[1]

---

[1] It is apparent from notes of testimony related to Mr. McKinney's suppression hearing that all events were captured on Officer Sutton's body worn camera. Unfortunately, plaintiff was unable to obtain this video footage prior to the

10. On October 20, 2023, Defendant, Officer Sutton, conducted a traffic stop of Mr. McKinney's vehicle without basis.

11. Mr. McKinney was not speeding, nor did he violate any rules of the road.

12. Sutton's version of events is patently implausible. According to him, he observed Mr. McKinney speeding and saw him blow through a stop sign at the intersection of Morris of W. Abbotsford Avenue. But Sutton did not activate his sirens and lights to pull McKinney over for these alleged violations.

13. Sutton testified that it was not until McKinney allegedly failed to stop at a *second* stop sign while continuing to exceed the speed limit that Sutton pulled him over.

14. McKinney promptly pulled over his vehicle, and, upon Sutton's request, McKinney provided his license, insurance and registration without hesitation. All documentation was valid and consistent with McKinney's vehicle.

15. At this point in time, Sutton's "investigation" relative to the (improper) traffic stop was complete. The "mission" of the stop was no more. This is undisputed.

16. And despite allegedly observing McKinney exceed the speed limit for 3 blocks while blowing through two stop signs, Sutton did not issue any traffic citations.

    B.    The Alleged "Bulge."

17. Instead of issuing a citation and allowing Mr. McKinney to go, Sutton claimed that he looked through McKinney's driver-side window and saw a "bulge" in his left pocket.

18. Sutton stated that he then ordered Mr. McKinney to put his hands on the steering wheel. McKinney dutifully complied.

---

filing of his Complaint and Plaintiff's counsel has likewise not viewed the footage. Plaintiff reserves the right to amend this pleading to conform to the evidence.

19. Outrageously, Sutten then reached into McKinney's vehicle and started patting his left thigh, at which time Sutton admits that he discovered two cell phones in McKinney's left pocket. Sutten even testified that he "joked with [Mr. McKinney] about cell phones."

20. Sutton was not satisfied with his discovery and so he continued to harass Mr. McKinney.

21. Sutton ordered McKinney out of his vehicle and proceeded to "pat down" the front of McKinney's shorts.

22. Upon this second search of Mr. McKinney's body, Sutton discovered a handgun that Mr. McKinney kept with him for protection.

23. Without asking any further questions or conducting any additional information, Sutton arrested Mr. McKinney for "unlawful possession of a handgun." He was ultimately charged with two offenses for 'possessing a firearm without a license in a vehicle" under 18 Pa.C.S. §§6106 and 6108.

24. Pennsylvania requires a license pursuant to 18 Pa.C.S. §6106 before a person can publicly carry a firearm concealed or in a vehicle. In Philadelphia, 18 Pa.C.S. §6108 requires a license pursuant to 18 Pa.C.S. §6109 for all public carry, open or concealed. Both regulations have been held to infringe upon various Constitutional Rights, including the 2nd and 14th Amendments[2].

25. Mr. McKinney spent 37 days in jail and lost his job at Home Depot.

   **C.   After Spending 37 days in jail, the Criminal Trial Court Determined that Sutton Illegal Searched Mr. McKinney; All Charges are Dismissed.**

---

[2] *Commonwealth v. Sumpter,* 2025 PA Super 124, 340 A.3d 977, 988 (2025), reargument denied (Aug. 27, 2025); *Lara v. Comm'r Pennsylvania State Police*, 125 F.4th 428, 445 (3d Cir. 2025)

26. Officer Sutton's conduct egregiously violated the 4th amendment of the United States Constitution.

27. On August 9, 2024, the criminal trial court determined that Officer Sutton violated Mr. McKinney's 4th amendment rights when he illegally searched him.

28. The trial court correctly reasoned a "bulge" in someone's pocket "could be a wallet," or any number of things, and does not by itself justify groping a citizen's thigh, and then pulling them out of their vehicle and groping them a second time.

29. On September 9, 2024, the Commonwealth dismissed all charges against Mr. McKinney.

## COUNT I
## PLAINTIFF V. OFFICERS SUTTON And STROMAN
## VIOLATION OF THE 4TH AMENDMENT – ILLEGAL SEARCH and SEIZURE under 42 U.S.C. §1983

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Defendants, acting under color of state law, stopped, seized, investigated and searched Plaintiff without probable cause in violation of Plaintiff's constitutional rights.

32. As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment consequences.

33. Plaintiff was also deprived of his liberty.

34. Defendant knew that he did not have probable cause to search Plaintiff.

35. Defendant's actions were the result of the policies, practices and/or customs of the Philadelphia Police Department.

   WHEREFORE, Plaintiff respectfully requests this Honorable Court:

   a. Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

  b.  Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

  c.  Award reasonable costs and attorneys' fees;

  d.  Award punitive damages; and

  e.  Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## PLAINTIFF V. OFFICERS SUTTON and STROMAN
## MALICIOUS PROSECUTION under 42 U.S.C. 1983

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Defendants, acting under color of state law, instituted criminal proceedings against Plaintiff without probable cause and with malice, in violation of Plaintiff's constitutional rights by, inter alia, intentionally misrepresenting and omitting details in their reports and statements to superior officers justifying their stop and search of Plaintiff. The officers intentionally did not disclose that they had no reason to search Mr. McKinney in the first instance and that they found only a cellphone in Mr. McKinney's pocket. But for the Officers' body worn cameras, Plaintiff would have spent even longer in jail.

38. The criminal proceedings were terminated in favor of Plaintiff.

39. Defendants knew that their reports lacked information that a magistrate would want to know before determining whether probable cause existed to search, arrest and detain.

40. As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

41. Plaintiff was also deprived of his liberty.

42. The above actions of the defendants were as a result of the policies, practices and/or customs of Philadelphia Police Department.

43. The actions of Defendants aforesaid constitute malicious prosecution, in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

    b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c. Award reasonable costs and attorneys' fees;

    d. Award punitive damages; and

    e. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT III
## PLAINTIFF V. DEFENDNATS SUTTON and STROMAN
## FALSE ARREST and IMPRISONMENT under 42 U.S.C. 1983

44. Plaintiff incorporates by reference all preceding paragraphs.

Defendants, acting under color of state law, instituted criminal proceedings against Plaintiff without probable cause and with malice, in violation of Plaintiff's constitutional rights by, inter alia, intentionally misrepresenting and omitting details in their reports and statements to superior officers justifying their stop and search of Plaintiff. The officers intentionally did not disclose that they had no reason to search Mr. McKinney in the first instance and that they found only a cellphone in Mr. McKinney's pocket. But for the Officers' body worn cameras, Plaintiff would have spent even longer in jail.

45. The criminal proceedings were terminated in favor of Plaintiff.

46. Defendants knew that their reports lacked information that a magistrate would want to know before determining whether probable cause existed to search, arrest and detain.

47. As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

48. Plaintiff was also deprived of his liberty.

49. The above actions of the defendants were as a result of the policies, practices and/or customs of Philadelphia Police Department.

50. The actions of Defendants aforesaid constitute malicious prosecution, in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

    b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay,

    loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

  c. Award reasonable costs and attorneys' fees;

  d. Award punitive damages; and

  e. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV
## PLAINTIFF V. THE CITY OF PHILADELPHIA

### VIOLATION OF THE SECOND AMENDMENT UNDER 42 U.S.C. 1983

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Mr. McKinney is a citizen 21 years or older who has a right to bear arms publicly, by possessing a firearm, that is guaranteed by both the United States and Pennsylvania Constitutions.

53. Pennsylvania requires a license pursuant to 18 Pa.C.S. §6106 before a person can publicly carry a firearm concealed or in a vehicle. 18 Pa.C.S. §6106. In Philadelphia, 18 Pa.C.S. §6108 requires a license pursuant to 18 Pa.C.S. §6109 for all public carry, open or concealed.

54. The test for evaluating the constitutionality of any statute that regulates the Second Amendment rights of citizens to bear arms boils down to whether it is "consistent with text and historical understanding of those who ratified it." *New York Rifle & Pistol Association v. Bruen*, 142 S.Ct. 2111, 2131 (2022).

55. Neither the majority opinion nor Justice Kavanaugh's indicated how licensing requirements of any sort could be "consistent with the Nation's historical tradition of firearm

regulation." No licensing requirements existed when the Second Amendment was ratified and for most of a century thereafter. *See* Albert W. Alschuler, Twilight-Zone Originalism: The Peculiar Reasoning and Unfortunate Consequences of New York State Pistol & Rifle Association v. Bruen, 32 Wm. & Mary Bill Rts. J. 1, 17 (2023).

56. Certainly, there is no historical tradition prohibiting firearms solely because one happens to be traveling on a horse, stagecoach, boat or car. It simply makes no sense that a firearm is legal in a house but illegal when carried into that person's car.

57. As a direct and proximate result of the law and policy of Defendants, Plaintiff's Second Amendment Right was violated and was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and lost employment.

58. Plaintiff was also deprived of his liberty.

59. The above actions of the defendants were as a result of the policies, practices and/or customs of the City of Philadelphia.

60. The actions of Defendant aforesaid constitute violation of Plaintiff's Second and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

    b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

  c. Award reasonable costs and attorneys' fees;

  d. Award punitive damages; and

  e. Grant any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

        Respectfully submitted,

        /s/ Joseph P. Guzzardo, Esq.
        Joseph Guzzardo, Esq.
        Guzzardo & Associates LLC
        121 S. Broad Street,
        Philadelphia, PA 19107
        215-718-6691
        Jguzzardo@guzzardolaw.com

10/20/2025